UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Hertzberger, | Case No. 22-cv-756 (WMW/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| Jarid Rardin, *Warden*, | |
| Respondent. | |

Robert Hertzberger, Reg. No. 07254-028, FMC Rochester, P.O. Box 4000, Rochester, MN 55903 (pro se Petitioner); and

Ana H. Voss and Chad A. Blumenfield, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

This matter comes before the Court on pro se Petitioner Robert Hertzberger's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). *See generally* Pet., ECF No. 1. This matter has been referred to the undersigned for a report and recommendation to the district court, the Honorable Wilhelmina M. Wright, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, the Court recommends that this matter be dismissed without prejudice for lack of subject-matter jurisdiction.

## II. BACKGROUND

Petitioner is serving a 360-month term of imprisonment for distribution of oxycontin resulting in death in violation of 21 U.S.C. § 841 imposed by the United States District

1

Court for the Southern District of Indiana. Pet. at 1; Decl. of Todd Valento ¶ 17, ECF No. 12; Ex. D to Valento Decl., ECF No. 12-4 at 2. Petitioner is currently incarcerated at the federal medical center located in Rochester, Minnesota ("FMC Rochester"), and has a projected release date of February 3, 2029. *Find an inmate*, Fed. Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

In late March 2020, the then Attorney General issued a memorandum to the Bureau of Prisons ("BOP"), "prioritizing home confinement as an appropriate response to the COVID-19 pandemic." *Holt v. Warden*, 539 F. Supp. 3d 1005, 1007 (D. S.D. 2021); Ex. A to Valento Decl., ECF No. 12-1.

"In response to the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Public Law No. 116-136, 134 Stat. 281 (2020)." *Holt*, 539 F. Supp. 3d at 1007. The CARES Act "expanded the BOP's discretion to increase the maximum amount of time that a prisoner may spend in home confinement." *Id.* (citing 134 Stat. 516). The then Attorney General subsequently "exercised emergency authority under . . . the CARES Act to expand the group of inmates who may be considered for home confinement in light of emergency conditions caused by the COVID-19 virus and its effect on prison populations." *United States v. James*, No. 15-cr-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) (citation omitted); *accord United States v. Brown*, 12-cr-172(3) (SRN), 2020 WL 1922567, at *2 (D. Minn. Apr. 21, 2020); *see generally* Ex. B to Valento Decl., ECF No. 12-2.

In April 2022, the BOP denied Petitioner home confinement under the CARES Act "because the [BOP] considers his current offense of Distribution of OxyContin Resulting

in Death to be a crime of violence." Valento Decl. ¶ 18; *see also* Pet. at 2; *see also generally* Pet'r's Mem. in Supp., ECF No. 8.

### III. ANALYSIS

Petitioner "is seeking home confinement under the CARES Act," and asks that the Court issue "a Declaratory Judgment that his offense is not excluded under the BOP's discretionary authority," and "an Advisory Opinion that he is entitled to" home confinement under the CARES Act. Pet'r's Mem. in Supp. at 1, ECF No. 8; *see also* Pet. at 3. Respondent asserts that this matter should be dismissed because the Court lacks jurisdiction to review the BOP's home confinement placement decision. Resp. at 9-12, ECF No. 11. The Court agrees with Respondent that the Court lacks jurisdiction over Petitioner's challenge to the BOP's decision to deny him home confinement under the CARES Act.

The CARES Act "merely give[s] eligible inmates the possibility to be considered for home confinement." *James*, 2020 WL 1922568, at *2; *accord Brown*, 2020 WL 1922567, at *2. It does not alter the BOP's exclusive authority to determine the placement of prisoners. *United States v. Vang*, No. 16-cr-277 (DWF/KMM), 2020 WL 4704875, at *2 (D. Minn. Aug. 13, 2020); *see also, e.g.*, *Henny v. Starr*, No. 22-cv-1996 (WMW/JFD), 2022 WL 18215862, at *1 (D. Minn. Nov. 8, 2022) ("The CARES Act did not disturb this grant of discretion to the BOP."). As explained by the Eighth Circuit, "[t]he recently passed CARES Act permits the . . . BOP to extend the period of home confinement permitted under [18 U.S.C.] § 3624(c)," but, "[b]ecause these statutes give authority to place a prisoner in home confinement to . . . the BOP, not the [courts]," courts do "not have

3

authority to change [a prisoner's] place of imprisonment to home confinement under § 3624(c)(2)." *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *see also Vang*, 2020 WL 4704875, at *3 ("[B]ecause release to home confinement is a placement decision, the Court finds that it is solely within the BOP's discretion to dictate."). "Federal courts lack the authority to order that a prisoner be placed at a specific facility or home confinement, or direct the BOP to make such a placement decision itself." *Gorski v. Starr*, No. 22-cv-2346 (WMW/TNL), 2022 WL 18135249, at *2 (D. Minn. Dec. 8, 2022), *report and recommendation adopted*, 2023 WL 112704 (D. Minn. Jan. 5, 2023).

In any event, "even if [Petitioner] could plead that []he is entitled to home confinement under the CARES Act (or to administrative reconsideration of h[is] request), the claim would not be appropriately raised through a habeas petition." *Gorski*, 2022 WL 18135249, at *2. "Home confinement is not the end of confinement, but a transfer to another place of confinement. It is a change in the *conditions* of confinement. An inmate on home confinement is still serving a sentence and is in confinement while doing so." *Craft v. Birkholz*, No. 21-cv-1917 (MJD/JFD), 2022 WL 18359162, at *2 (D. Minn. Oct. 20, 2022), *report and recommendation adopted*, 2023 WL 275160 (D. Minn. Jan. 18, 2023). As such, "[h]ome confinement is not release from custody . . . ; it is simply one of several forms of BOP custody." *Johnson v. Birkholz*, No. 21-cv-2017 (PJS), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022); *see, e.g.*, *James*, 2020 WL 1922568, at *2 ("Home confinement is a place of confinement."); *Brown*, 2020 WL 1922567, at *3 (same); *see also Williams v. Birkholz*, No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 n.6 (D. Minn. July 20, 2021) ("Home confinement is a place of confinement or imprisonment; to

4

hold otherwise would upend a plethora of well-established Eighth Circuit precedent."), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). "A legal action seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one BOP facility to another) is not a challenge to the fact or duration of confinement." *Johnson*, 2022 WL 3135304, at *1; *accord Gorski*, 2022 WL 18135249, at *2. "[Petitioner's] claim that []he is entitled to release on home confinement (or, at a minimum, entitled to reconsideration of the decision not to be released on home confinement) has nothing to do either with the validity of h[is] conviction or with the length of h[is] detention." *See Gorski*, 2022 WL 18135249, at *2.

Though Petitioner "recognizes this Court's inability to order home confinement," he argues that the Court can issue a declaratory judgment and advisory opinion that he is entitled to home confinement under the CARES Act. *See* Pet'r's Mem. in Supp. at 1-2, ECF No. 8. Relying on *United States v. Borden*, 141 S. Ct. 1817 (2021), Petitioner contends that his conviction is not for a "violent" offense and the BOP therefore cannot exclude him from home confinement under the CARES Act. *Id*. at 8-9. This argument, however, has been rejected by courts in this district. *See, e.g., Blocher v. Eischen*, No. 22-cv-678 (PJS/DTS), 2022 WL 17406549, at *3-5 (D. Minn. Nov. 3, 2022) ("To the extent [the petitioner] relies on [] cases [like *Borden*] to suggest Respondent acted unlawfully, such reliance is misplaced" because "[a]ny constitutional implications that arise in the context of sentencing an individual [for a violent offense] are inapposite to the determination by the BOP of whether an inmate is suitable for home confinement under the CARES Act."), *report and recommendation adopted*, 2022 WL 17404447 (D. Minn.

5

Dec. 2, 2022). Because "the CARES Act itself does not define which offenses are violent for purposes of assessing suitability for home confinement" and the BOP retains exclusive authority to decide "whether an inmate is suitable for home confinement under the CARES Act," the BOP's decision is unreviewable. *See id*. at *4.

In sum, Petitioner does not a have a constitutional right to a particular place of confinement and the CARES Act did not alter the BOP's exclusive authority to determine the placement of prisoners. As such, the BOP's CARES Act decision is unreviewable by this Court. Because Petitioner does not challenge "the fact or duration of his custody—that is, the legality of his detention, a writ of habeas corpus is not the correct remedy for the alleged violation of his rights." *See Jorgensen v. Birkholz*, No. 20-cv-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (citations omitted). Accordingly, dismissal of Petitioner's habeas petition is warranted for lack of subject-matter jurisdiction.

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Date: March   23   , 2023          s/ Tony N. Leung
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *Hertzberger v. Rardin*
                                   Case No. 22-cv-756 (WMW/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).